IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANNON C. JONES                                                                PLAINTIFF

v.                                            CIVIL NO. 20-cv-03057

ANDREW SAUL, Commissioner                                                DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Shannon C. Jones, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act").  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for SSI on October 21, 2016. (Tr. 58). In his applications, Plaintiff alleged disability beginning on October 10, 2016, due to: a craniotomy, triple bypass surgery, high blood pressure, stents in his heart, a stroke, short term memory loss, an inability to walk for long periods of time, and needing a cane to walk. (Tr. 58, 1253). An administrative hearing was held on October 4, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 1039-91). Plaintiff's mother and a vocational expert ("VE") also testified. (*Id.*).

On September 11, 2019, the ALJ issued an unfavorable decision. (Tr. 55).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: ischemic heart disease, late effects of injuries to the nervous

1

system, depressive disorder, and a personality disorder. (Tr. 60-61). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 61-64). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except he can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds and requires the use of a handheld assistive device for balance. He is limited to frequent handling and fingering with his left upper extremity and frequent operation of foot controls with his left lower extremity. The claimant must avoid concentrated exposure to hazardous machinery, unprotected heights, fumes, odors, dusts, gases, and poorly ventilated areas. He is capable of performing work where interpersonal contact is incidental to the work performed and involves tasks where the complexity of the work is learned and performed by rote with few variables and little judgement, where the supervision required is simple, direct, and concrete.
>  (Tr. 64-67).

 The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 67-68). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of small product assembler, document preparer, or circuit board layout inspector.  (Tr. 68-69).  The ALJ found Plaintiff had not been disabled since October 21, 2016.  (Tr. 69).

Subsequently, Plaintiff filed this action. (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) Whether the ALJ committed reversible error by finding the consultative examiner's conclusion unpersuasive; and 2) Whether the ALJ committed reversible error by failing to incorporate all of Plaintiff's medically documented limitations in the RFC. (Doc. 15). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 27nd day of April 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE